UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSHUA BINDER,<br><br>    Defendant. | Case No. CR06-41L<br><br>ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER |

    This matter comes before the Court on "Defendant Binder's Motion For Revocation Of Detention Order" (Dkt. # 36).[1] The Honorable James P. Donohue, United States Magistrate Judge, issued the February 21, 2006 detention order after determining that defendant posed a danger to the community.

    The Court has reviewed the recorded February 17, 2006 detention hearing, defendant's motion for revocation of the detention order, the Government's opposition to revocation of the detention order and the remainder of the record. It considers *de novo* the detention order issued

---

[1] This matter can be decided on the recorded February 17, 2006 detention hearing, the memoranda submitted by the parties and the remainder of the record. In making its decision, the Court did not consider the testimony of Ms. Walsh. Defendant's request for oral argument is DENIED.

ORDER DENYING MOTION FOR REVOCATION
OF DETENTION ORDER - 1

by Judge Donohue. U.S. v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

The Court will detain defendant prior to trial if it determines "that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e).  Pursuant to 18 U.S.C. § 3142(g), the Court considers four factors when deciding if defendant is a danger to the community: "(1) [t]he nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  The Government bears the burden of establishing "by clear and convincing evidence that the defendant poses a danger to the community." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

The Court finds by clear and convincing evidence that defendant poses a danger to the community.  Defendant is charged with numerous crimes including racketeering, conspiracy to murder in aid of racketeering and murder in aid of racketeering.  Although the Government has indicated that it does not intend to seek the death penalty, defendant's murder count is a capital crime.  In addition, defendant has a criminal history that includes an arrest for domestic violence assault and a conviction for drug possession.  Finally, defendant has previously been involved with the Washington Nomads Chapter of the Hells Angels Motorcycle Club.  The Government describes an uncharged 2003 incident during which defendant is alleged to have threatened a victim who had spoken with lawyers involved in the trial of a Hells Angels prospect.  These facts clearly demonstrate that defendant poses a significant risk to individuals involved in this trial and to the community at large.

ORDER DENYING MOTION FOR REVOCATION
OF DETENTION ORDER - 2

1   For all of the foregoing reasons, "Defendant Binder's Motion For Revocation Of
2   Detention Order" (Dkt. #36) is DENIED.

4   DATED this 13th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR REVOCATION
OF DETENTION ORDER - 3