Chief Judge Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> RICHARD ALLEN FABEL, <br> RODNEY ROLLNESS, <br> JOSHUA BINDER, <br> RICKY JENKS, and, <br> PAUL FOSTER, <br> Defendants. | NO. CRO6-0041RSL <br><br> ORDER CONTINUING TRIAL DATE |

<u>ORDER</u>

The Court having reviewed the records and files herein and considered the stipulation of the parties, enters the following order:

1. The charges which include RICO, 18 USC § 1962, VICAR, 18 USC §, 1959, Hobbs Act Attempted Robbery, 18 USC 1951, Witness tampering, 18 USC 1512, and the trafficking in stolen motorcycles, 18 USC §§ 2312, 2313, 2321, allege a complex racketeering enterprise encompassing murder, robbery, extortion, and the trafficking in stolen motorcycles.

2. All of the defendants acknowledge the need for a continuance. Defendants Rodney Rollness, Ricky Jenks, and Paul Foster all request a trial date of January 8, 2007. The defendants Richard Fabel and Joshua Binder request a continuance to a trial date in November 2006.

Order Continuing Trial Date /Fabel et al— 1
CR06-0041RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

3. The case is the result of a long term multi-jurisdictional investigation and discovery is voluminous. Discovery includes evidence seized from approximately 13 locations, numerous reports, documents, and photographs. The government is still providing discovery. The defendants have already had the opportunity to view some of the physical evidence seized, but they have not yet viewed all of the physical evidence available. The discovery also includes evidence compiled in a related investigation into the Hells Angels conducted by the District of Nevada where the defendants Richard Allen Fabel and Ricky Jenks, and numerous other Hells Angels, are charged with one count of Violent Crime in Aid of Racketeering for the murder of a member of the competing motorcycle club known as the Mongols.

4. The charges of VICAR- murder is a capital case which carries the potential penalty of death as to defendants Binder and Rollness. The Capital Crimes Unit of the United States Department of Justice is evaluating whether to recommend that the government seek the death penalty against these two defendants. Both defendants have requested until May 26, 2006, to provide mitigation information to the government. The Court anticipates that the majority of the work being done by Rollness and Binder's defense counsel's until May 26, 2006 will be spent preparing these mitigation materials. Therefore, trial preparation for counsel for defendants Rollness and Binder will not begin in earnest until after the death penalty decision is finalized. This further supports the need for a trial continuance in this case.

5. Given the complexity of the case, the voluminous nature of discovery, and the issues regarding the death penalty, the Court finds that the ends of justice outweigh the best interest of the public and the defendants in a speedy trial this case since it so complex given the number of defendants and the nature of the prosecution that it would be unreasonable to expect the parties to adequately prepare for pretrial proceedings or the trial itself on the present trial date. *See 18 USC § 3161(h)(8)(B)(ii).* Failure to grant a continuance based upon the circumstances would result in a miscarriage of justice in that both government and defense counsel would not have adequate time to prepare the matter

Order Continuing Trial Date /Fabel et al— 2
CR06-0041RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

for trial, and might require that the government make a decision regarding the death penalty without full input from the eligible defendants. The continuance provides each counsel a reasonable amount of time necessary for effective preparation, taking into account the exercise of diligence. *See 18 USC 3161(h)(8)(B)(i).*

6. Under the Speedy Trial Act, when the interest of justice mandates a continuance as to one defendant, a district court may continue the trial date, for a reasonable period of time, as to the joined co-defendants. *18 USC § 3161(h)(7); United States v. Messer, 197 F.3d 330, 338 (9th Cir. 1999).* Among the factors to be considered are whether (1) the "sheer length of the delay" is so egregious as to suggest unreasonableness; (2) the delay increases the likelihood of conserving judicial resources via a joint trial; (3) the defendant has moved to sever his trial or otherwise asserted his Speedy Trial rights; (4) the defendant remains in pretrial detention; and (5) the likelihood that the delay will cause actual prejudice. *Messer*, 197 F.3d at 337-40. " In sum, the proper test is whether the totality of the circumstances warrants a conclusion that the delay [is] unreasonable." *Id.* at 338.

7. Here, for the reasons stated in ¶ 5, *infra*, the Court finds that the trial continuance is reasonable as to all defendants. Without rendering a final decision on any severance motions that may be filed, a continuance as to all defendants ensures that the defendants charged with RICO may be tried jointly, thereby effectuating the purposes of § 3161(h)(7) and conserving substantial judicial resources. The continuance to January 8, 2007, ensures that the defendants in pretrial detention will be tried within eleven months of their arrests. Further, the delay between the proposed trial date in November 2006, versus January 8, 2007, is not so egregious as to cause prejudice to defendants Richard Fabel and Joshua Binder.

IT IS HEREBY ORDERED that the trial date is continued from April 17, 2006 to January 8, 2007.

Order Continuing Trial Date /Fabel et al— 3
CR06-0041RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1     IT IS FURTHER ORDERED that pursuant to Title 18, United States Code,
2 Section 3161(h), the period of time from the date of this order to the new trial date is
3 excluded in the computation of time under the Speedy Trial Act.
4     DONE this 17th day of April, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

Order Continuing Trial Date /Fabel et al— 4
CR06-0041RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970