UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSHUA BINDER,

    Defendant.

Case No. CR06-041L

ORDER DENYING MOTION TO REOPEN DETENTION HEARING

This matter comes before the Court on defendant Joshua Binder's "Motion to Reopen Detention Hearing" (Dkt. #209).[1] The Honorable James P. Donohue, United States Magistrate Judge, issued a detention order on February 21, 2006 after determining that defendant posed a danger to the community. (Dkt. #27). On March 13, 2006 this Court affirmed Magistrate Judge Donohue's detention order, finding "by clear and convincing evidence that defendant poses a danger to the community." (Dkt. #59). Defendant now seeks to reopen the detention hearing.

Following the entry of a detention order, a detention hearing may be reopened only if the Court finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure...the safety of any other person and the community." 18 U.S.C. § 3142(f).

---

[1] This matter can be decided on the memoranda submitted by the parties and the record. Defendant's request for oral argument is DENIED.

ORDER DENYING MOTION
TO REOPEN DETENTION HEARING

Defendant identifies two new facts to support the reopening of the detention review hearing: (1) that the Government has determined with finality that Mr. Binder will not be subjected to a death penalty prosecution, and (2) that the Government's confidential informant CI-1 has represented that potential witnesses for the Government have nothing to fear from testifying against Mr. Rollness and Mr. Binder because they are not current members of the Hells Angels.

The Court concludes that these new facts do not have a "material bearing" on the Court's original conclusion that defendant poses a danger to the community. The Court was aware at the time of its March 13, 2006 ruling that the Government did not intend to seek the death penalty. See Order at p. 2 ("Although the Government has indicated that it does not intend to seek the death penalty, defendant's murder count is a capital crime."). Though the decision not to seek the death penalty was finalized after the Court's March 13, 2006 Order, the Order was premised on preliminary indications from the Government that the death penalty would not be sought in this case. The finalization of the Government's decision does not have any "material bearing" on the Court's original conclusions regarding the danger defendant presents to the community.

Nor do the representations of confidential informant CI-1 change the Court's original detention determination. In the March 13, 2006 Order, the Court made a number of findings specific to the defendant:

> In addition, defendant has a criminal history that includes an arrest for domestic violence assault and a conviction for drug possession. Finally, defendant has previously been involved with the Washington Nomads Chapter of the Hells Angels Motorcycle Club. The Government describes an uncharged 2003 incident during which defendant is alleged to have threatened a victim who had spoken with lawyers involved in the trial of a Hells Angels prospect.

Order at p. 2. The representations of CI-1 regarding the potential threat posed by testifying against Hells Angels members do not undermine these conclusions.

ORDER DENYING MOTION
TO REOPEN DETENTION HEARING

1     For all of the foregoing reasons, defendant's "Motion to Reopen Detention Hearing"
2 (Dkt. #209) is DENIED.

4     DATED this 22nd day of November, 2006

                         */s/ Robert S. Lasnik*
                         Robert S. Lasnik
                         United States District Judge

ORDER DENYING MOTION
TO REOPEN DETENTION HEARING

-3-