1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

10
　　　　　　　　　Plaintiff,

Case No.  CR06-041L

11
　　　　　v.

ORDER ON DISCOVERY MOTIONS

12
RICHARD ALLEN FABEL,
RODNEY ROLLNESS,

13
JOSHUA BINDER, and
RICKY JENKS, and

14
PAUL FOSTER.

15
　　　　　　　　　Defendants.

16

17

## I.  Introduction

18
　　　This matter comes before the Court on "Defendant Fabel's Motion for Bill of Particulars"

19
(Dkt. #175), "Defendant Fabel's Second Motion for Bill of Particulars" (Dkt. #203), "Defendant

20
Richard Fabel's Motion for Early Disclosure of Co-Conspirator Statements" (Dkt. #213),

21
"Defendant's Request for Discovery Pursuant to Kyles v. Whitley, 514 U.S. 419 (1995)" (Dkt.

22
#215), "Defendants' Motion for Order Directing Disclosure of 404(b) Evidence" (Dkt. #216),

23
"Motion to Disclose Exculpatory Evidence" (Dkt. #221), "Defendants' Motion to Compel

24
Discovery" (Dkt. # 222), "Defendant Paul Foster's Motion for Brady Material; ER404(b); and

25
Discovery; Memo In Support" (Dkt. #224), and "Defendants' Emergency Motion In Limine to

26
Prohibit Admission of Laughlin Evidence" (Dkt. #272).

## II. Analysis

**A. Government Disclosures**

The Court has reviewed the memoranda relating to defendants' various requests for disclosures from the Government and orders that the Government provide the following to defendants by December 1, 2006: (1) a witness list together with contact information[1]; (2) all written or oral statements made by any of the defendants to potential Government witnesses; (3) all evidence the Government intends to introduce at trial under Federal Rule of Evidence 404(b); and (4) all *Brady* material[2] the Government intends to use at trial.[3]  The Court also orders that the Government disclose to defendants all co-conspirator statements it plans to introduce at trial by December 26, 2006.[4]

**B. Unsealing of Search Warrant Affadavit**

Defendants seek to unseal the affidavit in support of the search warrant relating to the third search of defendant Rollness' home (Dkt. #222).  The Government maintains that the protection of its informants requires that the affidavit remain sealed.  Having reviewed the affidavit, the Court concludes that while disclosure of much of the document is now appropriate, particularly as it relates to CW 4, there are portions that, as of now, should remain sealed to ensure the safety of other Government informants.  See United States v. Napier, 436 F.3d 1133, 1136 (9th Cir. 2006).  As such, the Court has redacted those portions of the affidavit that it

---

[1]Witness contact information shall be provided to defense counsel pursuant to the Protective Order.

[2]Based on the Government's representation that it will fulfill its legal obligations to turn over all Brady material it is aware of, or should be aware of, the Court denies Defendant's motion to require the Government to turn over all material in the possession of "any local or federal policy agency involved in this investigation."  (Dkt. #215).

[3]The Court has reviewed and redacted the presentence reports submitted by the Government. Counsel can obtain copies of the redacted reports in chambers.

[4]The Court will not require the Government to turn over Jencks Act material at this time, though the matter will be discussed further at the December 7, 2006 status conference.

ORDER ON DISCOVERY MOTIONS

1  concludes should remain sealed, with the remainder ordered unsealed.  Counsel can obtain

2  copies of the redacted and unsealed affidavit in chambers.

3  **C. Admissibility of Laughlin Evidence**

4       Defendants move *in limine* to prohibit admission of evidence relating to the Laughlin

5  incident at trial.  The Government has indicated that it will not introduce such evidence to prove

6  that the Hells Angels were in a conspiracy to murder Mongols, but that it may seek to use such

7  evidence to rebut a defense theory that the Hells Angels is merely a club of individuals linked

8  together by their common pursuit of riding motorcycles.  In light of the recent decision of the

9  Government to abandon Racketeering Act Three at trial, and the volume, complexity and

10  prejudicial nature of the evidence involved, the Court agrees that the probative value of the

11  evidence relating to Laughlin is "substantially outweighed by the danger of unfair prejudice,

12  confusion of the issues, or misleading the jury, or by considerations of undue delay, [and] waste

13  of time."  Fed. R. Evid. 403.  Defendants' motion to prohibit the Government's use of the

14  Laughlin incident as rebuttal evidence to this particular defense theory is therefore granted.

15  **D. Bill of Particulars**

16       Defendants filed two motions seeking to require the Government to file a bill of

17  particulars.  The first relates solely to Racketeering Act Three (Dkt. #175).  Because the

18  Government has now indicated that it will dismiss Racketeering Act Three, this motion is

19  dismissed as moot.  The second is more broad (Dkt. #203).  The Court, however, concludes that

20  the Government has met its obligation to "apprise the defendant of the specific charges being

21  presented to minimize danger of surprise at trial, to aid in preparation and to protect against

22  double jeopardy."  United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).  As such, the

23  Court denies defendants' second motion for a bill of particulars as well.

### III.  Conclusion

25       For all of the foregoing reasons, Defendants' "Motion for Early Disclosure of Co-

26  Conspirator Statements" (Dkt. #213), "Motion for Order Directing Disclosure of 404(b)

ORDER ON DISCOVERY MOTIONS

1    Evidence" (Dkt. #216), "Motion to Disclose Exculpatory Evidence" (Dkt. #221), "Motion to

2    Compel Discovery" (Dkt. # 222), and "Defendant Paul Foster's Motion for Brady Material;

3    ER404(b); and Discovery" (Dkt. #224) are all GRANTED IN PART.   "Defendants' Emergency

4    Motion In Limine to Prohibit Admission of Laughlin Evidence" (Dkt. #272) is GRANTED.

5    Defendant Fabel's motions for a bill of particulars (Dkt. #175) (Dkt. #203) and "Request for

6    Discovery Pursuant to Kyles v. Whitley, 514 U.S. 419 (1995)" (Dkt. #215) are DENIED.   The

7    Court will discuss all remaining discovery issues at the December 7, 2006 status conference.

8

9           DATED this 29th day of November, 2006

10

11

12           _____
             Robert S. Lasnik
13           United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ON DISCOVERY MOTIONS