UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER,<br>RICKY JENKS, and<br>PAUL FOSTER<br><br>   Defendants. | Case No. CR06-041L<br><br>ORDER GRANTING IN PART AND DENYING IN PART BINDER'S MOTION TO SUPPRESS |

## I. INTRODUCTION

This matter comes before the Court on defendant Binder's "Motion to Suppress Post-Arrest statements" (Dkt. #296). At issue is the admissibility of portions of two separate statements made by Binder on December 12, 2005 and February 13, 2006. Binder contends that these statements were either involuntary or made without first being given proper Miranda warnings. The Government argues that these statements were made voluntarily and are therefore admissible.

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTION
TO SUPPRESS

## II. DISCUSSION

**A.     December 12, 2005 Statement**

On December 12, 2005 Binder was arrested and booked into the King County jail in connection with a burglary.  The following day he was visited in jail by Detective Robert Belshay of the Seattle Police Department who questioned him on matters related to his time with the Hells Angels.  At the conclusion of the questioning, Binder also permitted Belshay to photograph a number of his tattoos.  The Government admits that Binder was never advised of his <u>Miranda</u> rights and acknowledges that Binder was told that he did not need an attorney.

Given the absence of any <u>Miranda</u> warning, the Government wisely does not seek to introduce these statements as part of its case-in-chief, but instead seeks only to reserve its right to use the statements to impeach Binder should he choose to testify at trial.  Therefore, the question at issue here is whether the statements were sufficiently "voluntary" to allow the Government to use them for impeachment purposes.  <u>See</u> <u>Oregon v. Hass</u>, 420 U.S. 714, 722 (1975).  The Court concludes that the statements were voluntary.  The Supreme Court has held that the existence of "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." <u>Colorado v. Connelly</u>, 479 U.S. 157, 167 (1986).  Defendant has offered no evidence that Binder was subject to any coercive activity in this instance.  While the Government is prohibited from using any of Binder's December 12, 2005 statements in its case-in-chief, it is not prohibited from using them for impeachment purposes should Binder choose to testify at trial.  Though this resolution may seem deficient given Detective Belshay's perhaps knowing disregard for <u>Miranda</u>, the Supreme Court has concluded otherwise:  "The shield provided by <u>Miranda</u> cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." <u>Hass</u>, 420 U.S. at 722.

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTION
TO SUPPRESS

**B.     February 14, 2006 Statement**

On February 14, 2006, Binder was arrested pursuant to a warrant in this case. Soon after his arrest, he was contacted at the King County sub-station in North Bend, Washington by Special Agent David Williams of the FBI and Detective Dave Heitzman of the Snohomish County Sheriff's Office. At this meeting, Binder was advised of his Miranda rights, which he acknowledged and waived. During the course of the interrogation, Binder was asked how he obtained his "Filthy Few" patch. After a number of questions on this topic, agents informed Binder that it was their understanding that the patch was earned after a member killed someone. At that point, Binder sought counsel. Questioning then ceased.

At issue here is whether Binder's non-verbal conduct at the time of invoking his right to counsel is admissible. At oral argument, the Government agreed that it would not seek to introduce any testimony relating to either the agents' statement regarding their knowledge of how a "Filthy Few" patch is obtained or Binder's reaction to this statement, including his request for counsel. Thus, the only matter to be decided relates to the admissibility of the agents' testimony regarding Binder's demeanor during the earlier questioning. Such demeanor evidence is generally admissible. See United States v. Velarde-Gomez, 269 F.3d 1023, 1030 (9th Cir. 2001). Agents can therefore testify about Binder's physical reactions to questions, but such testimony should be limited to objective observations about Binder's actual physical response and not venture into subjective conclusions about what state of mind those physical responses reveal. In other words, agents may testify that Binder turned away from the agents and looked at the table when asked a particular question, but they may not testify that Binder "looked guilty" or "appeared defensive."

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTION
TO SUPPRESS

### III. CONCLUSION

For all the foregoing reasons, defendant Binder's motion to suppress (Dkt. #296) is GRANTED in part and DENIED in part.

DATED this 30th day of January, 2007

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTION
TO SUPPRESS

-4-