UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER, and<br>RICKY JENKS, and<br>PAUL FOSTER.<br><br>  Defendants. | Case No. CR06-041L<br><br>ORDER GRANTING IN PART AND DENYING IN PART BINDER'S MOTIONS IN LIMINE |

**I. INTRODUCTION**

This matter comes before the Court on defendant Binder's "Motions in Limine" (Dkt. #414). Binder seeks an order precluding the Government from introducing evidence related to a number of acts committed by himself, Rollness and the enterprise. Binder's arguments for exclusion are based on Federal Rules of Evidence 403 and 404(b). For the reasons discussed below, Binder's motion is granted in part and denied in part.

**II. DISCUSSION**

In order to prove the RICO charges in this case, the Government must prove, beyond a reasonable doubt, the existence of an enterprise. To meet this burden, the Government may

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTIONS
IN LIMINE

present evidence of the "structure, common purpose, and continuity of the charged enterprise." United States v. Salerno, 108 F.3d 730, 739 (7th Cir. 1997).  Evidence to establish the existence and nature of the enterprise is not barred by Rule 404(b)'s prohibition of "other crimes" evidence.  Id.

Even if evidence is not barred by Rule 404(b), it still must still pass muster under Rule 403.  Federal Rule of Evidence 403 states that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The Court has "discretion to admit evidence that sheds light on disputed issues of fact at trial if the court balances the probative value of such evidence against its prejudicial effect." United States v. Taylor, 239 F.3d 994, 999 (9th Cir. 2001).

**A.    Possession of Amphetamine**

The Government has indicated that it does not intend to introduce evidence of Binder's possession of amphetamine in April 2000.  Defendant's motion in limine to exclude such evidence is granted.

**B.    Possession of a Firearm & Knife During Traffic Stop in 2000**

Binder seeks to exclude evidence of his possession of a firearm and knife during a traffic stop on September 9, 2000 (at which Jenks also was stopped) because it is inadmissible "bad character" evidence under Federal Rule of Evidence 404(b).  The Court disagrees.  Courts permit "the Government to use uncharged criminal acts in a RICO prosecution to prove the nature of an enterprise and the defendant's participation in it."  Salerno, 108 F.3d 730 at 739. Binder's possession of a firearm and knife is relevant to establishing the nature of the enterprise and Jenks and Binder's participation in the enterprise.  The prejudicial effect of the evidence is outweighed by its probative value.  Defendant's motion in limine to exclude such evidence is denied.

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTIONS
IN LIMINE

**C.      Burglary and Threats Against Neighbor**

The Government has indicated that it does not intend to introduce evidence of Binder's burglary and threats against his neighbor in December 2005. Defendant's motion in limine to exclude such evidence is granted.

**D.      Arrest for Driving on Suspended License and Possession of Illegal Weapon in 2002**

For reasons similar to those described in Section II(B), the Court denies Binder's motion in limine to exclude evidence of his possession of an illegal knife during a November 26, 2002 traffic stop.

**E.      Extortion of T.C.**

The Court takes a similar position on evidence related to Binder's extortion of T.C. while Binder was a member of the Hells Angels in 2002. Evidence of extortion attempts is relevant in establishing the purposes and objectives of the enterprise, as well as Binder's participation in the enterprise. Defendant's motion in limine to exclude such evidence is denied.

**F.      Assault of African-Americans with a Ball Peen Hammer**

Binder seeks to exclude evidence of alleged assaults of African-Americans with a ball peen hammer. Evidence related to Binder's violent use of ball peen hammers is relevant to counts 12 and 14 because it may help to establish M.K.'s knowledge of Binder's prior violent acts at the time he was allegedly assaulted. As the Ninth Circuit explained, "[i]n cases of extortion based upon fear of violence the facts of fear, actual or anticipated, and of its reasonableness, are vital factors." Carbo v. United States, 314 F.2d 718, 740 (9th Cir. 1963). The Court does not believe that this rationale extends to the inclusion of evidence related to the race of the alleged victims of the assaults. The minimal probative value of such evidence is outweighed by its substantial prejudicial effect. Defendant's motion in limine to exclude such evidence is therefore granted in part and denied in part.

**G.      Skinheads**

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTIONS
IN LIMINE

1  For reasons similar to those described above, the Court grants defendant's motion in
2 limine to exclude evidence related to Binder's previous association with skinhead groups. Such
3 evidence is unduly prejudicial and of limited probative value.

**H.  Intimidation of Witness in 2000**

Binder seeks to exclude evidence related to allegations that he intimidated a witness during a King County assault trial in July 2003. Given the relevance of the allegations to the Government's effort to prove the nature of the enterprise and Binder's participation in the enterprise, Binder's motion in limine to exclude evidence of witness intimidation is denied. That said, the question of how, and if, the Government will be able to prove the alleged intimidation remains an open one.

**I.  Distribution of Methamphetamine to Pete Martin**

The Court denies Binder's motion in limine to exclude evidence of Binder's distribution of methamphetamine because it goes to prove the nature of the enterprise. The prejudicial impact of the evidence does not outweigh its probative value.

**J.  Expert Testimony on "Filthy Few" Patch**

Binder's motion in limine to exclude expert testimony on the "Filthy Few" patch is denied. The Court will consider this matter in connection with the defendants' motion to exclude expert testimony.

**K.  Lay Opinion Testimony on "Filthy Few" Patch**

Binder's motion to exclude lay opinion testimony related to the "Filthy Few" patch is denied.

**L.  Drug Paraphernalia Found at Binder Residence**

The Government has indicated that it does not intend to introduce evidence of drug paraphernalia at Binder's residence. Defendant's motion in limine to exclude such evidence is granted.

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTIONS
IN LIMINE

## M. Rollness Acts

Binder moves to exclude evidence related to a number of acts related to co-defendant Rollness due to the danger of "spillover prejudice." As is discussed in other orders by the Court, including its January 30, 2007 Order Denying Motions to Sever (Dkt. #450), Binder's concerns of prejudice can be alleviated through proper limiting jury instructions. His motion in limine to exclude such evidence is denied.

## N. Enterprise Acts

### 1. The Killing of Tim Myers

Though the Court denies Binder's motion in limine to exclude evidence related to the murder of Tim Meyers, such evidence shall be presented consistent with the guidelines laid out in the Court's order on Fabel's motions in limine. See Order Granting in Part and Denying in Part Fabel's Motions In Limine, p. 3.

### 2. Intimidation of Spokane County Prosecutor

Binder's motion in limine to exclude evidence related to the intimidation of a Spokane County prosecutor is granted for the same reasons described in the Court's order on Fabel's motions in limine. See Id., pp. 3-4.

### 3. Fabel's Solicitations to Kill George Wegers and Stacy Midkiff and to Burn Down His Trailer

Binder's motion in limine to exclude evidence related to Fabel's alleged solicitations of Hells Angels members to (1) kill George Wegers; (2) kill Stacy Midkiff; and (3) burn down his trailer are denied. Such evidence is relevant to establishing the nature and organization of the enterprise, including Fabel's authority and position in the club.

### 4. Jenks' Murder of Lonnie Taylor

The Court grants in part and denies in part Binder's motion in limine to exclude evidence relating to the murder of Lonnie Taylor for the same reasons described in the Court's order on Jenks' motions in limine. See Order Granting in Part and Denying in Part Jenks' Motions in

Limine, pp. 4-5.

### 5. Magnesi Assaults in 2003 & 2005

The Court grants Binder's motion in limine to exclude evidence related to the assaults allegedly committed by Anthony Magnesi in January 2003 and August 2005.

### 6. Assault and Murder of Mongols in Laughlin

The Court grants Binder's motion in limine to exclude evidence related to the assault and murder of Mongols in Laughlin, Nevada.

## III. CONCLUSION

For the foregoing reasons, defendant Binder's motions in limine (Dkt. #414) are DENIED IN PART and GRANTED IN PART.

DATED this 16th day of February, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART BINDER'S MOTIONS
IN LIMINE