UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

RICHARD ALLEN FABEL,
RODNEY ROLLNESS,
JOSHUA BINDER, and
RICKY JENKS, and
PAUL FOSTER,

        Defendants.

Case No.  CR06-041L

ORDER GRANTING IN PART AND
DENYING IN PART GOVERNMENT'S
MOTIONS IN LIMINE

## I.  INTRODUCTION

This matter comes before the Court on the Government's "Motions in Limine" (Dkt. #420).  For the reasons discussed below, the Government's motion is granted in part and denied in part.

## II.  DISCUSSION

**A.    General Order**

As a general matter, defense counsel should refrain from referencing bad acts by informants that are not already part of the discovery provided by the Government, alleged homicides by CI-1 or the underlying facts of the felony convictions of any Government witnesses during opening statements.

**B.    Motions Related to CI-1**

The Government moves in limine to prohibit defendants from cross-examining CI-1 on a number of topics.  Aside from the Government's motion in limine seeking to prohibit reference to the defense "interview" of CI-1, which was resolved in court,[1] the Court defers resolution of these motions until trial.  Any outstanding motions related to CI-1 will be addressed prior to cross-examination.

**C.    Motions Related to CI-2**

The Government moves in limine to prohibit defendants from cross-examining CI-2 on a number of topics.  The Government's request to prohibit cross-examination on CI-2's misdemeanor conviction for negligent driving is granted.  The Court denies the Government's motion to exclude cross-examination on the question of his felony conviction for vehicular assault.  The Court defers resolution of the remaining motions relating to CI-2 until prior to his cross-examination.

**D.    Motions Related to CI-3**

The Court grants the Government's motion in limine to exclude reference to CI-3's arrests and misdemeanor convictions during opening statements.  The Court will revisit the motions in limine related to CI-3 at trial.

**E.    Motions Related to Paul Foster**

The Government's motion to prohibit reference to the charges pending against Paul Foster is granted.  The Court will instruct the jury not to speculate about the case against Paul Foster.

The Court is currently considering whether to conduct a <u>Daubert</u> hearing in connection with evidence related to Paul Foster's polygraph examination.  The Court will not address that issue in this order.

---

[1]The Court ruled that both parties may state that defense counsel wanted to interview CI-1 prior to trial, but that CI-1 declined to be interviewed.

1   **F.      Motions Related to Witness S.L.**

2          The Government moves in limine to preclude the defense from questioning S.L. on the

3   underlying facts surrounding his prior convictions.  The Government's motion is denied.

4   **G.      Motions Related to Witness L.S.**

5          The Government moves in limine to prevent the defense from inquiring about L.S.'s past

6   convictions for burglary in the second degree in 1970, statutory rape in the third degree in 1977,

7   and a misdemeanor conviction for simple assault in 1985.  The Court grants the Government's

8   motion on the statutory rape and simple assault convictions.  Whether defendants may inquire

9   about L.S.'s burglary conviction is a question reserved for trial.

10  **H.      Motions Related to G.B.**

11         The Court grants the Government's motion in limine to preclude the defense from

12  inquiring about G.B.'s arrest history on cross-examination.  The Court defers until trial the

13  question of whether the defense may inquire about G.B.'s use of medications.

14  **I.      Motions Related to C.H.**

15         The Court grants the Government's motion in limine to preclude the defense from

16  inquiring about C.H.'s juvenile conviction for rape of a child in the first degree on cross-

17  examination.

18  **J.      Motion to Preclude Reference to FBI Errors**

19         The Court denies the Government's request to prohibit the defense from inquiring about

20  instances of FBI fingerprint identification errors.

21  **K.      Motion to Preclude Reference to Potential "Other Suspects" Based On Hearsay**

22         For the purposes of opening statements, the Court grants the Government's motion in

23  limine to prohibit the defense from referencing the investigation of "other suspects" where those

24  investigations were based on unsubstantiated tips.  The Court will revisit this issue again at trial.

25

26

1

**III.  CONCLUSION**

2      For the foregoing reasons, the Government's motion in limine (Dkt. #420) is GRANTED

3 IN PART and DENIED IN PART.

4

5      DATED this 19th day of February, 2007.

6

7

8                               Robert S. Lasnik
9                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26